YORK CO. M. F. INS. CO. *versus* NAPOLEON B. TURNER.

A mutual insurance company has no right to assess a premium note for losses occurring after the cancellation of the policy, or for anticipated losses arising from a supposed failure of others to contribute their proportion of losses occurring after such cancellation.

ON REPORT from *Nisi Prius*, KENT, J., presiding.

The facts appear in the opinion.

*J. N. Goodwin* and *Joseph Howard,* for the plaintiffs.

*D. D. Stewart,* for the defendant.

TAPLEY, J. — This is an action upon a premium note, upon which an assessment of $54,14 had been made and payment refused. The plaintiffs allege, in their closing argument, that no specifications of defence were filed and therefore they are entitled to judgment. If such was the case they would be entitled to judgment.

The report is silent upon this subject; but it appears that "the case was withdrawn from the jury" after the evidence which is reported had been introduced. If there had been no specifications of defence filed, it was the duty of the presiding Judge to order a default. Such a disposition not having been made by the presiding Judge, and the case having been opened to the jury, we are bound to presume that specifications of defence were filed, and that they were sufficient to authorize the introduction of the evidence reported, if it were otherwise admissible.

Section 13 of the plaintiff's Act of incorporation provides that when any property insured by the company shall in any way be alienated, the policy thereupon shall be void, and be surrendered to the directors of said company to be cancelled, and, upon such surrender, the assured shall be entitled to receive his note, upon the payment of his proportion of all expenses and losses that have accrued *prior to such surrender.*"

The case shows that the defendant's policy was surrendered September 12, 1856, and cancelled September 13, 1856.

By the report, it appears that "pages 71 and 72" of the plaintiffs' records were offered for the purpose of showing the assessment on all the notes of the third class in said company for losses and bad debts, interest and expenses of collection *to Dec.* 26, 1856. It is admitted by the defendant that the assessment against him on said premium note,

for *said losses, &c.*, was $54,14, and that payment of *that sum* was demanded of him by an agent of said company on July 27, 1857, and he refused to pay the same."

By the records of said company, it appears that, on Dec. 26, 1856, the directors "voted to assess upon the premium notes of the third class of said company the sum of five thousand, six hundred and sixty dollars and eighty-seven cents, ($5660,87,) to pay the following losses which have happened and occurred, been adjusted and acted on, and voted to be paid by the directors of said company, in the said third class, viz.;" here follows a list of the losses and amounts of each, aggregating the sum of $5660,87, among which is one loss occurring September 19, 1856, and one occurring September 29, 1856. By another vote of said directors, passed at the same time, it was "voted to assess thirty-five per cent. additional upon the above sums, upon the said premium notes, to meet estimated expenses, bad debts, interest and cost of collection."

The defendant's premium note appears to have been assessed, not only for *two losses occurring after the cancellation of his policy*, but also for anticipated losses arising from a supposed failure of others to contribute their proportion of these *two losses*. The assessment, thus made, amounted to the sum of $54,14, and was demanded of the defendant, and he refused to pay the same.

It is very clear the directors had no right to assess the defendant for those losses occurring after the cancellation of his policy, nor for the anticipated failure of others to contribute their proportion of those two losses, and this assessment, thus made, is not such a portion of the premium note as "the directors of said company may, agreeably to their Act of Incorporation and By-Laws, require;" and, being an unauthorized assessment, the defendant was not bound to pay it.                    *Judgment for defendant.*

APPLETON, C. J., KENT, WALTON and BARROWS, JJ., concurred.